1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Debra Isdal-Giroux,                 )   No. CV06-1555-PHX-JAT
                                         )
10             Plaintiff,                )   **ORDER**
                                         )
11   vs.                                 )
                                         )
12                                       )
    Linguisearch,   Inc.,   a   Philadelphia )
13   corporation; David L. Schellenberg; Jane )
    Does  I-X;  ABC-XYZ  Entities  and )
14   Corporations,                       )
                                         )
15             Defendants.               )
                                         )
16   _____    )
                                         )
17

18

19          Pending before the Court is Defendants Linguisearch, Inc. and David L.

20   Schellenberg's Motion to Dismiss.  (Doc. #5).  Plaintiff filed a Response to Defendants'

21   Motion to Dismiss.  (Doc. #8).  Defendants' filed a Reply in Support of Motion to Dismiss.

22   (Doc. #9).  The Court now rules on Defendants Motion to Dismiss.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

23          The relevant factual and procedural background, for purposes of this Order, is

24   summarized herein.  On May 2, 2006, Plaintiff filed a Complaint against Defendants in the

25   Philadelphia County Court of Common Pleas alleging breach of contract based upon an oral

26   employment contract between Defendants and Plaintiff, fraud/misrepresentation regarding

27   Plaintiff's position with LinguiSearch and LinguiSearch's financial status, a claim for wages

28

under the Pennsylvania Wage Payment and Collection Law for failure to timely pay wages for 2005 and 2006, promissory estoppel, and wrongful termination. (Defs.' Mot. to Dismiss, Ex. 1). On May 12, 2006, Plaintiff filed a Complaint against Defendants in the Maricopa County Superior Court alleging breach of contract based upon an agreement to advance the payroll of two contract employees, a claim for wages under the Arizona Wage Statute for failure to timely pay wages for 2005 and 2006, and injunctive relief based on those two claims. (Doc. #1). On June 16, 2006, Defendants removed the Maricopa County Superior Court case to this Court. (Doc. #1). On June 19, 2006, Defendants filed the pending Motion to Dismiss based upon (1) the similar Complaint that is currently pending in the Philadelphia Court of Common Pleas, and (2) the doctrine of forum non conveniens. (Doc. #5). The Court now rules on Defendants' Motion to Dismiss.

**II.    DISCUSSION**

   **A.    Dismissal Due to Parallel Proceeding in the Philadelphia Court of Common Pleas**

Where a federal court has subject matter jurisdiction, it has a "virtually unflagging obligation" to exercise that jurisdiction, even if an action concerning the same matter is pending in state court. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). Accordingly, the pendency of an action in state court is generally no bar to proceedings concerning the same matter in a federal court having jurisdiction. *McClellan v. Carland*, 217 U.S. 268, 282 (1910). As between state and federal courts, where a controversy is over a mere question of personal liability, which does not involve the possession or control of a thing, each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. *Kline v. Burke Constr. Co.*, 260 U.S. 226, 230 (1922).

Notwithstanding the federal courts' general obligation to exercise their jurisdiction, under certain conditions a stay or dismissal of the federal action or claim may be warranted. A district court may decline to exercise jurisdiction in exceptional circumstances based on considerations of wise judicial administration, giving regard to the conservation of judicial

resources and the comprehensive disposition of litigation.  *Colorado River* at 817-18. However, only "exceptional circumstances justify such a stay," and the "existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912-13 (9th Cir. 1993).  The decision to invoke a stay or dismissal under *Colorado River* necessarily contemplates that "the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Id.* at 913.

Here, the Court has substantial doubt as to whether the proceedings before the Philadelphia Court of Common Pleas will resolve <u>all</u> of the issues present before this Court. Plaintiff's Arizona breach of contract claim, based upon an agreement to advance the payroll of two contract employees, was not brought in the Philadelphia suit and thus would not be resolved by the Philadelphia proceedings.  Therefore, this Court is precluded from granting either a stay or dismissal of the action under the *Colorado River* doctrine.  Additionally, the Court finds that Defendants have failed to demonstrate the requisite "exceptional circumstances" required for an abstention under *Colorado River.*  Thus, the Court rules that the proceeding in the Philadelphia Court of Common Pleas does not require the stay or dismissal of the suit currently pending in this Court.

## B.    Dismissal Due to Forum Non Conveniens

In a federal court sitting under diversity jurisdiction, a motion to dismiss due to forum non conveniens is governed by federal, not state, law, as the interests of the federal forum in self-regulation, administrative independence, and self-management are more important than any interest in uniformity between the federal and state forums in a single state.  *Ravelo Monegro v. Rosa*, 211 F.3d 509, 511 (9th Cir. 2000).  Since the passage of 28 U.S.C. § 1404(a), a federal court is without power to dismiss an action under the common law doctrine of forum non conveniens where § 1404(a) is applicable, since the remedy for an inconvenient forum under the statute is not a dismissal but a transfer.  *Id.* at 512.

28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Under 28 U.S.C. § 1332, this case might have been brought in the United States District Court for the Eastern District of Pennsylvania based upon the diverse citizenship of the parties and the amount in controversy.  Thus, the remedy for an inconvenient forum in this case would be a transfer to the appropriate forum as provided for in § 1404(a), not a dismissal under the superceded common law doctrine of forum non conveniens as Defendants argue in their Motion to Dismiss.

Moreover, the two federal court cases Defendants cite in support of their motion, *Mizokami Brothers v. Mobay Chemical Corp.*, 660 F.2d 712 (8th Cir. 1980), and *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), are inapposite.  *Mizokami Brothers* vacated the district court's dismissal on forum non conveniens grounds and remanded with the direction that the district court should:

> First consider the availability of a United States forum . . . to which the case may be transferred pursuant to 28 U.S.C. § 1404(a).  If no such forum is available, the court should determine whether [the defendant] will consent to dismissal subject to [a series of conditions that would allow the action to be litigated in Mexico].  If consent is given the court may enter an appropriate order conditionally dismissing the action.  Should any condition not be met, the action may continue in the [current forum].

660 F.2d at 719.  Thus, this Eighth Circuit case does not support Defendants' Motion to Dismiss, but rather further suggests that the appropriate remedy for an inconvenient forum is a transfer to a more convenient federal forum under § 1404(a) if one is available.

The second case Defendants cite, *Gulf Oil Corp.*, was superceded in large part by the passage of 28 U.S.C. § 1404(a).  *See, e.g., American Dredging Co. v. Miller*, 510 U.S. 443, 449 (1994).  Accordingly, *Gulf Oil Corp.* is only instructive in cases that cannot be transferred to a more convenient federal forum under § 1404(a).  As stated above, this case can be transferred under § 1404(a) because it might have been brought in the United States District Court for the Eastern District of Pennsylvania based upon the diverse citizenship of

the parties and the amount in controversy.  Thus, neither *Mizokami Brothers* nor *Gulf Oil Corp.* support Defendants' Motion to Dismiss.

Therefore, the Court finds that there is no support for Defendants' Motion to Dismiss due to forum non conveniens because the appropriate remedy for an inconvenient forum under 28 U.S.C. § 1404(a) is not a dismissal but a transfer.

## III.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants Linguisearch, Inc. and David L. Schellenberg's Motion to Dismiss (Doc. #5) is denied.

DATED this 20th day of March, 2007.

_____
James A. Teilborg
United States District Judge